IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DWIGHT E. BROOKS                                                                                PLAINTIFF

v.                                            No. 4:06CV00342 JLH

LHR, INC., *et al.*                                                                              DEFENDANTS

## OPINION AND ORDER

Dwight E. Brooks filed a pro se complaint in the Circuit Court of Pulaski County against United States District Judge Susan Webber Wright; Sherwood District Court Judge Milas Hale, III; LHR, Incorporated; and the Arkansas Judicial Discipline and Disability Commission. On March 6, 2006, Judge Wright removed the case to this Court. Judge Wright, Judge Hale, and the Commission have all moved to dismiss Brooks's claims against them pursuant to Fed. R. Civ. P. 12(b)(6). Brooks has moved to remand the case to the Pulaski Circuit Court. Brooks's claims against Judge Wright are dismissed. All other claims are remanded to the Circuit Court of Pulaski County.

Brooks's complaint alleges that the defendants "have engaged in willfully [sic], knowingly [sic], purposely [sic], intentional and unlawfully [sic] acts prejudicial to the due and proper administration of justice and law with malice and corruption in the District Court of Sherwood, Arkansas 72120[,] under case No. 2005-1255 and the United States District Court[,] Eastern District of Arkansas[,] Western Division[,] under case No. 4-05 cv0000645SWW." It alleges that the defendants' "acts and conducts [sic] are unlawfully and unconstitutional [sic] in violation of Amend[.] 5, 14 in willfully [sic] denial of due process and equal protection." The complaint also appears to allege fraud, deception, and concealment of material facts, though without any factual support for those allegations. The complaint requests $672.72 from each defendant in compensatory damages and $300,000 from each defendant in punitive damages.

### A.   Motion to Remand

Brooks argues that this case should be remanded back to the circuit court because this Court lacks subject matter jurisdiction and no notice of removal was provided to defendant LHR.  As far as this Court can tell, Brooks's complaints relate to Judge Wright's actions in dismissing his prior federal lawsuit.  This Court therefore properly has subject matter jurisdiction under 28 U.S.C. § 1442(a)(1), which provides for removal of civil suits against officers of the United States for any act done under the color of that office.  As for notice, the removal statute only requires notice of removal to adverse parties.  28 U.S.C. § 1446(d).  Since that was done in this case, Brooks's motion to remand is denied as to the claims against Judge Wright.

### B.   Absolute Immunity for Judges

Judge Wright asserts judicial immunity from Brooks's suit.  "Absolute immunity protects judges from liability for acts taken in the exercise of judicial functions."  *Zar v. S.D. Bd. of Exam'rs of Psychologists*, 976 F.2d 459, 464 (8th Cir. 1992) (citing *Butz v. Economou*, 438 U.S. 478, 508-09, 98 S. Ct. 2894, 2911-12, 57 L. Ed. 2d 895 (1978)).  Judicial immunity is an immunity from suit, not just from an assessment of damages.  *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991).  This immunity is not defeated by allegations of bad faith, malice, or even corruption of the part of the judge.  *Id.*

Judicial immunity is overcome in only two circumstances.  *Id.*  First, a judge is not immune from liability for actions that were not taken in a judicial capacity.  *Id.*  Second, a judge is not immune for actions that are judicial in nature but "taken in the complete absence of all jurisdiction."  *Id.* at 12.  The judge's jurisdiction is to be broadly construed, and "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all

jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 1105, 55 L. Ed. 2d 331 (1978) (quoting *Bradley v. Fisher*, 13 Wall. 335, 351 (1872)).

Brooks has alleged neither circumstance regarding Judge Wright; he has not alleged that she acted outside of her judicial capacity or in the absence of jurisdiction. Even if Brooks's allegation that she "violate[d] Arkansas state laws with malice and corruption and neglect[ed] to prevent public corruption of public officials in public office[s]" were true, such malice would not subject Judge Wright to liability. *See id*. Brooks's claims against Judge Wright are plainly frivolous. They are therefore dismissed with prejudice.

### C. Supplemental Jurisdiction

As noted above, Judge Wright was entitled to remove this case pursuant to 28 U.S.C. § 1442(a)(1). Pursuant to 28 U.S.C. § 1367(c)(3), this Court declines to exercise supplemental jurisdiction over Brooks's claims against the remaining defendants, so this case will be remanded to the Circuit Court of Pulaski County for adjudication of all claims except the claims against Judge Wright.

### CONCLUSION

Judge Wright's motion to dismiss is granted. Document #4. Brooks's motion to remand is denied as to his claims against Judge Wright and granted as to all other claims. Document #9.

IT IS SO ORDERED this 3rd day of May, 2006.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE